## WARDENS OF THE CHURCH OF ST. LOUIS *v.* J. P. KIRWAN & Co. et al.

Kirwan entered into a contract with the plaintiffs to repair the Church of St. Louis, of which they were wardens, according to plans agreed on by the parties. He failed to comply with the stipulations of his contract. *Held :*—The plaintiffs had a right to rescind the contract and finish the work themselves.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Benjamin & Micou*, for Plaintiff. *C. Roselius*, for defendant.

BUCHANAN, J. This is a suit for the rescission of a building contract, and for damages ; the ground of the demand being bad workmanship and materials.

Defendant, *Kirwan*, reconvenes for the price of work and labor done, and for damages caused by the acts of the plaintiffs. The District Court gave judgment rescinding the contract, condemning the defendant *Kirwan* to pay nominal damages to plaintiffs, and rejecting the reconventional claim.

From this judgment, the syndic of *Kirwan* has appealed.

It appears from the evidence that *Kirwan*, a builder, entered into a contract with the Church wardens to make extensive repairs and alterations to the Church and its tower ; that by contract he was to work according to the plans, and under the superintendence, of an architect employed by the Church wardens ; that many complaints were made of the manner in which *Kirwan* was executing the work ; that the tower, after being carried to a considerable

WARDENS OF THE height, fell down ; that this accident was attributed by the architect to the fault
CHURCH OF ST. of the builder, who, on his part, contended that it was owing to defective plans
LOUIS
KIRWAN & Co. ET of the architect.
*v.*
AL.          The parties, however, compromised their disputes by entering into a new
contract on the 5th of April 1850, by which the sum necessary to repair the
damages resulting from the fall of the tower, and to complete the whole work,
was ascertained and agreed upon. The parties further agree that the expen-
ses of repairing the damages caused by the accident should be borne one-half
by each party. The price of the contemplated work being fixed by this con-
tract of the 5th of April, 1850, as well as the terms of the payment, the coun-
sel of the appellant is right in the position that this contract is the measure of
the obligations of the parties, and that it becomes immaterial to look behind it.
But we think, with the District Judge, that the evidence has established the
allegations of the petition filed in this case on the 26th of April, 1850, asserting
a failure on the part of *Kirwan* to comply with the obligations of the last con-
tract. The plaintiffs had consequently a right to finish the building as they
have done. *Allen* v. *Wills,* 4th Ann. 97 ; *Hale* v. *Wills.* 3d Ann. 504. And
it is proved that they have paid about $13,000 to finish it, over and above the
price of their contracts with *Kirwan.* We cannot, therefore, see what cause
*Kirwan* has to complain of the judgment which has been rendered by the Dis-
trict Court. On the contrary, it would seem that the Church wardens might,
with great show of justice, have recovered of *Kirwan* a much larger sum than
the nominal damages (five dollars,) against him by the judgment of the Court
below. But they do not complain of that judgment, which is therefore, affirm-
ed with costs.